# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3065

_____

| | | |
|---|---|---|
| Benton S. Coons, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Norman Y. Mineta, Secretary, | * | of Minnesota. |
| Department of Transportation; | * | |
| Marion C. Blakely, Administrator, | * | |
| Federal Aviation Administration, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: March 16, 2005
Filed: June 13, 2005

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Benton S. Coons, a former air traffic controller, brought this action alleging he was not rehired because of age and sex discrimination. Defendants Norman Mineta, Secretary of the Department of Transportation (DOT), and Marion Blakely, Administrator of the Federal Aviation Administration (FAA), moved to dismiss for failure to file a timely administrative complaint. The district court granted the motion, and Coons appeals. We conclude that the dismissal was premature and remand for further proceedings.

## I.

Coons worked as an air traffic controller at the Minneapolis Air Route Traffic Control Center from 1970 to 1981 and was a member of the Professional Air Traffic Controllers Organization (PATCO). PATCO organized a strike in 1981, and President Ronald Reagan terminated the strikers and barred them from future employment with the FAA. Since Coons had participated in the strike, he was dismissed. He stayed active in the aviation industry, however, and maintained his commercial pilot license and flight instructor certification. In 1993 President Bill Clinton lifted the ban against employing former strikers, and the FAA issued a recruitment notice inviting those who had been terminated to apply for rehire as air traffic controllers. The FAA compiled a register of eligible applicants with their location preferences for distribution to regional managers. Coons applied for rehire in 1993 and indicated that he was interested in employment at the Minneapolis center. The FAA considered him eligible for rehire and added him to the PATCO register.

In 1998 the Minneapolis center planned to hire 13 air traffic controllers from the PATCO register, and the FAA sent it a list of 98 eligible candidates who had expressed interest in the center. Coons was one of the candidates on the list. Although the Minneapolis center did not notify anyone on the list that it was hiring, it entered the information received from the FAA on a worksheet with the applicants' names, air traffic control experience, recent aviation experience, and ages. It offered positions to 13 persons, including 2 women and an African American man.[1] Coons, who was 55 years old at the time, did not receive an offer. He alleges that no one over the age of 55 was offered a position and that the only 2 women on the 98 person candidate list were hired.

---

[1]Apparently the African American applicant decided not to accept the offer, and in this action Coons has not alleged discrimination on the basis of race.

Coons alleges that he never received notification that air traffic controllers from the PATCO register were being rehired by the Minneapolis center in 1998 and that he first learned on December 19, 2002 that it had done so. He heard that news from a former colleague who told him that some controllers had filed complaints because of perceived age discrimination in the 1998 hiring process and gave him the name of a lawyer in case he wanted to pursue the issue.

Coons consulted with an equal employment opportunity (EEO) counselor on January 21, 2003 and filed a formal complaint with the DOT on January 23. In that complaint he alleged ongoing discrimination based on age, sex, and race in connection with the hiring from the PATCO register. The DOT Office of Civil Rights dismissed the complaint because Coons had not initiated contact with an EEO counselor within 45 days of the alleged discriminatory action in 1998, citing the Equal Employment Opportunity Commission (EEOC) regulation at 29 C.F.R. § 1614. Although the forty five day limit can be extended under some circumstances, the DOT concluded that Coons was not entitled to an extension because he had not exercised due diligence in monitoring the status of the application he had submitted in 1993.

Coons appealed the agency's decision to the EEOC Office of Federal Operations. In affirming the decision it stated:

> [C]omplainant waited over four years before contacting an EEO Counselor. The Commission has held that complainants must act with due diligence in the pursuit of their claims or the doctrine of laches may be applied. The doctrine of laches is an equitable remedy under which an individual's failure to pursue his actions could bar his claim. Since complainant did not act with reasonable diligence in contacting an EEO Counselor, the doctrine of latches [sic] requires dismissal.

Coons' motion for reconsideration was denied.

Coons filed this action in the district court in October 2003, alleging that the 1998 hiring process discriminated on the basis of age and sex, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The amended complaint alleges that Larry Roche, a supervisor at the Minneapolis center, told employees there that priority in the 1998 hiring process was given to women, African Americans, and younger applicants. Coons alleges that he had no idea that the Minneapolis center was hiring in 1998, that he was never sent a notice of nonselection, and that he was not informed about his right to file a complaint with the EEOC or the filing deadline. He further asserts that persons younger than himself have been hired as air traffic controllers between 1993 and the time the complaint was filed.

Appellees moved to dismiss for lack of subject matter jurisdiction on the basis that Coons had not timely filed an administrative complaint. Their alternative motion for summary judgment was stayed by agreement of the parties since there had not yet been any discovery. The district court granted the motion to dismiss after concluding that Coons had not acted "reasonably and with due diligence in that he contacted the EEOC over four years after the decisions to hire other air traffic controllers were made in 1998." The court also held that the EEOC decision not to allow an extension of the forty five day time limit was based on a reasonable interpretation of the regulation codified in 29 C.F.R. § 1614 and was therefore entitled to deference.

II.

Our review of an order granting a motion to dismiss is de novo. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Id.

-4-

Prior to filing a federal employment action in the district court a complainant must comply with certain notice and exhaustion requirements. An age discrimination complainant should either give a thirty day notice of intent to sue to the EEOC within 180 days of the alleged unlawful practice, 29 U.S.C. § 633a(d), or exhaust his administrative remedy by contacting an EEO counselor within 45 days of the unlawful practice, 29 C.F.R. § 1614.105(a)(1). A person claiming sex discrimination in federal employment has only one option and that is to contact a counselor within the forty five day time period. See id.

The EEOC exhaustion regulation provides that the forty five day time limit for contacting an EEO counselor "shall be extended" when a person

> shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

A.

Coons first argues that a plaintiff's failure to meet the administrative time requirement does not deprive a federal court of subject matter jurisdiction and that the district court erred by dismissing his complaint on that basis. He relies on Zipes v. TWA, Inc., 455 U.S. 385, 393 (1982), where the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Under Zipes a federal employment lawsuit

may be subject to dismissal if the administrative deadline is not met, but it is not because jurisdiction is lacking. Although Zipes was a Title VII case, the Court pointed out that the legislative history of the ADEA contains an explicit statement that the time requirement in that statute is not jurisdictional. 455 U.S. at 395 n.11. We agree that under Zipes the complaint should not have been dismissed for lack of subject matter jurisdiction and that Coons may assert the defense of equitable tolling.

Appellees rely on Briley v. Carlin, 172 F.3d 567 (8th Cir. 1999), to support their position. In Briley, the district court dismissed the complaint for lack of jurisdiction based on failure to meet the forty five day agency deadline, but we did not affirm its jurisdictional ruling. After holding an evidentiary hearing the district court found that "no equitable tolling principles applied to [the plaintiff's] situation" and that she had been familiar with the administrative requirements. Id. at 570-71. There was no allegation that she had been unaware of the discriminatory act. On review we held that "the facts defeat Briley's claim of equitable estoppel," finding no clear error in the findings of fact by the district court. Id. at 571. We agreed that discrimination claims are subject to equitable tolling, citing Hamilton v. West, 30 F.3d 992, 993 (8th Cir. 1994) (quoting Zipes, 455 U.S. at 398), but observed that the remedy should be "reserved for circumstances that are truly beyond the control of the plaintiff," quoting Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998) (internal quotation marks and citation omitted), cert. denied, 525 U.S. 1139 (1999). Briley, 172 F.3d at 570. The pertinent question is whether the employee had knowledge of his "right not to be discriminated against or the means of obtaining such knowledge." Id. (citing DeBrunner v. Midway Equip. Co., 803 F.2d 950, 952 (8th Cir. 1986)). The district court's dismissal was affirmed because the plaintiff had not made out a claim of equitable tolling, not because there was no subject matter jurisdiction.

This case is different from Briley, for here the district court did not hold an evidentiary hearing on which to base findings of fact and there have been no findings

that Coons was aware of the administrative requirements or that no equitable tolling principles apply. Coons has made allegations in his complaint which are relevant to the test for equitable tolling, including the allegation that he did not know that a discriminatory action had been taken. See Briley, 172 F.3d at 570 ("Equitable tolling will extend a deadline missed due to an employee's excusable ignorance."); Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995) (excusable ignorance if a reasonable person would not have been expected to know of the violation).

Coons has alleged that the discriminatory act took place in 1998 during the Minneapolis center's hiring from the PATCO list and that he was unaware of it until December 2002. Although President Clinton lifted the rehiring ban in 1993, Coons alleges he had no knowledge that rehiring took place at the Minneapolis center in 1998. He first heard about it on December 19 and thereafter met with an EEO counselor on January 21, 2003 and filed a complaint on January 23. Both of these actions were taken within 45 days of his learning about the alleged discrimination. Coons also alleges that he was not notified that an employment action had taken place to trigger the forty five day period. Appellees appear to suggest that Coons should have contacted the Minneapolis center every 45 days to inquire about any hiring plans, starting in 1993 when he submitted his application for inclusion in the PATCO register until the alleged discriminatory conduct about five years later. Without a more developed record, it cannot be determined whether Coons reasonably should have been expected at an earlier date to have learned about the hiring or the alleged discrimination.

B.

Coons argues next that under the terms of the regulation the time limit should have been extended in his case. Extension "shall" be granted under 29 C.F.R. § 1614.105(a)(2) under certain circumstances: (1) the claimant did not receive notice of the time limit or know about it, (2) the claimant did not know and reasonably could

not have been expected to know that the discriminatory action had occurred, and (3) the claimant could not contact an EEO counselor within the time limit "despite due diligence" because of "circumstances beyond his or her control."  A fourth general factor permits the agency to consider such other reasons it finds sufficient, and it is separated from the first three factors by the word "or."  Coons alleged in his complaint that he was not notified that the Minneapolis center hired in 1998, was not sent notice of his nonselection, and was not advised of his right to file a complaint with the EEOC or of the corresponding deadlines.  Viewed in the light most favorable to Coons, the allegations in the complaint sufficiently claim that he meets the first two factors in the regulation at 29 C.F.R. § 1614.105(a)(2).  It also appears that he did meet with an EEO counselor within 45 days of the date he allegedly learned about the discriminatory action.

Appellees urge us to defer to the EEOC's determination that Coons did not exercise due diligence and is therefore not entitled to the protection offered by 29 C.F.R. § 1614.105(a)(2).  We normally give substantial deference to an agency interpretation of its regulations.  But see Advanta USA, Inc. v. Chao, 350 F.3d 726, 728 (8th Cir. 2003).  The record at this stage does not lend itself to a full understanding of the agency action, however.  It is not clear, for example, if the agency took the position that Coons should have checked with a counselor every 45 days starting in 1993 or how the agency applied the regulation.  Although the regulation indicates that the forty five day time limit "shall" be extended if the claimant did not know of the time limit, did not know of the discrimination, could not contact an EEO counselor despite whatever diligence was due, or some other factor sufficient to the agency, the district court stated that the agency "may" grant the extension, but it did not explain its choice of word.  The DOT and the EEOC appear to interpret the regulation to require that all claimants show due diligence despite the presence of the disjunctive "or" in the regulation.  It is also not clear whether the agency decision makers made any determination about whether circumstances beyond his control kept Coons from timely contacting a counselor.

## C.

Coons' final argument is that his action is not barred because he alleged that the FAA's discriminatory hiring practices are ongoing, causing the forty five day cycle to restart throughout this period. His amended complaint states his belief that younger individuals have been hired as air traffic controllers at the Minneapolis center "between 1993 and the present." Viewed in the light most favorable to Coons, this statement alleges ongoing discrimination. His administrative complaint referred even more explicitly to ongoing discriminatory practices, but neither the administrative decisions nor the district court order addressed this aspect of his claims. The government's response on appeal is that no air traffic controllers have been hired from the PATCO register at the Minneapolis center since the contested hiring in 1998, but whether there is such evidence in the record is not clear. The point would be more appropriately argued at summary judgment after discovery has taken place since the allegations made by Coons are to be viewed as true at this stage. See Young, 244 F.3d at 627. Coons complains about what he alleges to be a systemic approach to hiring at the Minneapolis center.

## D.

Taking all of the allegations in the amended complaint as true and drawing all reasonable inferences from them, see id., we conclude that Coons has made a cognizable threshold claim for equitable tolling, extension of the administrative time limit for seeing an EEO counselor, and ongoing discrimination sufficient to withstand the motion to dismiss at this juncture. Jurisdiction is not lacking over his complaint, and it should not have been dismissed without further development of the record and opportunity for an evidentiary hearing. Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.

_____