# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1646

_____

Linda L. Lyons,                                    *
                                                   *
            Appellant,                             *
                                                   *    Appeal from the United States
      v.                                           *    District Court for the
                                                   *    Eastern District of Missouri.
John E. Potter, Postmaster General,                *
United States Postal Service;                      *
Peggy Beck,                                        *
                                                   *
            Appellees.                             *

_____

Submitted: December 13, 2007
Filed: April 9, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Linda Lyons filed this action against the United States Postal Service (USPS) ten months after the USPS rendered a final agency decision on Lyons's Equal Employment Opportunity (EEO) complaint. We agree with the district court[1] that Lyons's action is untimely, and we therefore affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

I.

On January 30, 2004, the USPS notified Linda Lyons that it intended to terminate her for failing to follow sick leave procedures and proper accounting practices. Lyons contacted an EEO counselor, and after receiving notice of her rights, filed an administrative complaint with the USPS, alleging retaliation and discrimination based on race, sex, age, and disability. Lyons filed a second administrative complaint on April 27, 2004, alleging that the Manager of Post Office Operations had discriminated against Lyons in October and November 2002 by complaining about Lyons's use of sick leave. The USPS dismissed the second complaint because it was not filed within 45 days of the alleged discriminatory action, as required by 29 C.F.R. § 1614.105(a)(1). After investigating the matters set forth in Lyons's first complaint, the USPS determined that no discrimination had occurred in the termination decision, and issued a final agency action closing the complaint.

The written order disposing of the second complaint, dated May 18, 2004, explained that Lyons could appeal the decision by filing an action in the appropriate United States District Court within 90 days of receipt of the decision. The agency decision disposing of the first complaint was rendered February 3, 2005, thus giving Lyons until May 11, 2005 to file an appeal.[2] Lyons sought to appeal both decisions only insofar as they concerned alleged discrimination on the basis of disability, and she attempted to do so by filing this action under the Americans with Disabilities Act, *see* 42 U.S.C. § 2000e-5(f)(1). Lyons filed her complaint in the district court on March 23, 2006, over ten months after her last deadline for filing had passed.

The Postmaster General moved for summary judgment, arguing that Lyons's complaint was time-barred under the ADA. Lyons argued that the 90-day statutory

---

[2]Although the written agency order stated that Lyons had 30 days to appeal, the Americans with Disability Act allows the complainant a period of 90 days. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a).

deadline should be equitably tolled, because she "was distraught over [her] situation with the post office and daily life was an effort for [her]." She added that she "was not able to make rational decisions" during the period allowed for filing the action. The district court rejected Lyons's argument for equitable tolling, concluding that her "assertion regarding her mental state is not supported by any affirmative evidence."

## II.

After receipt of an agency's final action, an ADA complainant has 90 days to file an action in an appropriate district court. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Failure to file within 90 days bars the action, unless the plaintiff can establish a basis for equitable tolling or equitable estoppel. *See Jessie v. Potter*, 516 F.3d 709, 714-15 (8th Cir. 2008). The district court rejected Lyons's equitable tolling argument when it granted defendant's motion for summary judgment. Lyons now argues that she was entitled to a separate evidentiary hearing on the equitable tolling issue. We disagree.

In the absence of a developed record, a district court may be required to hold an evidentiary hearing on an equitable tolling claim. *See, e.g.*, *Coons v. Mineta*, 410 F.3d 1036, 1041 (8th Cir. 2005). For example, when a complainant alleges sufficient facts which, if taken as true, establish a claim of equitable tolling, a court must give the complainant the opportunity to submit evidence on the issue. *Id.* at 1040-41. But where a plaintiff has an opportunity to present evidence and fails to do so, conclusory and vague claims do not mandate an evidentiary hearing. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). While allegations alone may be sufficient to withstand a motion to dismiss, *see Coons*, 410 F.3d at 1040-41, something more is required to overcome a motion for summary judgment.

Courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is

-3-

institutionalized or adjudged mentally incompetent. *See Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267-68 (10th Cir. 1996). We recently agreed that the standard for tolling due to mental illness is a high one. As explained in *Jessie*, "a plaintiff seeking equitable tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him or her from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll." *Jessie*, 516 F.3d at 715. Lyons was given an opportunity to submit evidence documenting or otherwise substantiating her assertions of mental instability, but she failed to do so. Because unsupported allegations of mental illness do not warrant an evidentiary hearing, the district court properly granted summary judgment for the defendant.

The judgment of the district court is affirmed.

_____