# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40705

LAURO VIDAL

Plaintiff-Appellant

v.

MICHAEL CHERTOFF

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas, Laredo
USDC No. 5:06-cv-00140

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a Title VII retaliation case brought by a Border Patrol Agent against the Department of Homeland Security (DHS). The district court found that the plaintiff had failed to timely exhaust his administrative remedies and found no basis to toll the limitations period. We AFFIRM.

## I. BACKGROUND

Plaintiff Lauro Vidal (Vidal) began working as a Border Patrol Agent more than 20 years ago. Vidal presented evidence of promotions and reviews that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rated his performance "outstanding." Vidal claimed that he had a good relationship with his supervisors until 2001, when he testified before the Equal Employment Opportunity Commission (EEOC) in a dispute brought by his co-worker, Ruben Pena (Pena). During that hearing, Vidal testified that he was instructed by his supervisor John Montoya (Montoya), not to recommend Pena for a promotion Pena had sought and was denied. According to Vidal, that testimony conflicted with Montoya's testimony. After this hearing, Vidal claims that the ranking officers in the Laredo section began a series of retaliatory acts, including a wrongful decrease in his performance evaluation and putting him on an improvement plan.

In 2005, according to Vidal, one of his subordinates, Julian Flores (Flores), informed him that Oscar Maldonado (Maldonado), a supervisory patrol agent, was claiming overtime pay without working the requisite number of hours. Based on this information, Vidal began reviewing Maldonado's time sheets and instigated an investigation. The Border Patrol sector evidence team ultimately closed the investigation of Maldonado. Subsequently, Ramiro Garcia (Garcia), an investigator with the office of Inspector General, informed Vidal that he was being accused of making a false allegation. Garcia further informed Vidal that he could either take early retirement or be investigated and possibly terminated. Vidal retired on October 31, 2005.

Vidal claims that his forced retirement caused him to suffer a brief mental incapacity from the date of his retirement until mid-December when he recovered sufficiently to talk to Garcia and learned that the investigation against him was still pending. In January of 2006, Vidal learned that the investigation was closed. Vidal states that the information at his last duty post with respect to contacting the EEO counselor was incorrect, causing him to make repeated, unsuccessful attempts to contact the counselor in January. On

January 31, 2006, he ultimately made contact with the appropriate EEO counselor.

On February 7, Vidal filed an employment discrimination complaint with the DHS. He claimed he was subject to retaliation in violation of Title VII. Specifically, it is unlawful for an employer to retaliate "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The DHS dismissed the complaint on the ground that Vidal had failed to comply with 29 C.F.R. § 1614.105(a)(1), which requires employees to "initiate contact with a [EEO] Counselor within 45 days of the date of the matter alleged."

Vidal subsequently filed suit in district court, alleging the instant Title VII retaliation claim. Pursuant to Fed. R. Civ. P. 12(b)(1), DHS filed a motion to dismiss, arguing that because Vidal failed to timely follow the administrative procedures, he failed to exhaust his remedies and thus, the court lacked subject matter jurisdiction. The district court stated that the most recent retaliatory act was the allegedly forced retirement on October 31, 2005, and thus the 45-day period ended December 15. It is undisputed that Vidal did not initiate contact an EEOC counselor within that 45-day period. The district court stated that although the regulations provide an extension of the deadline under extenuating circumstances, the DHS had concluded that he was not entitled to this equitable tolling. See 29 C.F.R. § 1614.105. The district court recognized that there is conflicting precedent with respect to whether a plaintiff's failure to comply with the 45-day limitation period is jurisdictional. The district court did not take a position on the issue because it ruled that assuming it had the power to equitably toll the period, it would not. The court found that there was "no basis in the record for concluding that Plaintiff was truly incapacitated such that he was literally unable to timely contact an EEO counselor." The court also rejected

Vidal's claim that DHS failed to make contact information for the counselor sufficiently available. Therefore, the district court granted DHS's motion to dismiss. Vidal appeals.

II. ANALYSIS

A. Commencement of the 45-day Limitations Period

Vidal contends that the district court erred in granting DHS's Rule 12(b)(1) motion to dismiss for lack of jurisdiction. This Court reviews a district court's dismissal for failure to exhaust administrative remedies pursuant to Rule 12(b)(1) de novo. See Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006).

Vidal argues that the district court incorrectly held that the date of his retirement, October 31, 2005, was the date that the 45-day limitations period began to run. Instead, Vidal contends that December 22, 2005, is the date the limitations period commenced. On December 22, Vidal had a conversation with Garcia in which he was informed that the investigation into Vidal's misconduct was still pending. Vidal contacted the EEO counselor on January 31, 2006, which is within 45 days of December 22, 2005.

Vidal argues that the Supreme Court, in Burlington Northern Ry v. White, 548 U.S. 53 (2006), mandated a totality of the circumstances test to assess the objective reasonableness of an employee's conduct. Vidal reasons that this test required the district court to look at the totality of the circumstances, which would include Vidal's discovery of the pending investigation on December 22, 2005. This argument is without merit. The test in White is to determine whether an employer's action constitutes a retaliatory action. Specifically, the Supreme Court in White was clarifying what is required at the second step of a plaintiff's prima facie case in the context of a retaliation claim. See Aryain v. Wal-Mart Stores Texas, 534 F.3d 473, 484 (5th Cir. 2008). Here, the allegation is that the employer threatened an investigation and forced Vidal into early

retirement. Unlike the employer in White, DHS is not arguing that these alleged acts are not "materially adverse." Thus, White is inapposite.

This Court has, however, recognized what is called a "continuing violation theory" in the context of determining whether a Title VII claim is time-barred. See, e.g., Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998). The continuing violation theory "relieves a plaintiff who makes such a claim from the burden of proving that the entire violation occurred within the actionable period." Berry v. Brd of Sup'rs of L.S.U., 715 F.2d 971, 979 (5th Cir. 1983). Specifically, to demonstrate a "continuing violation for these purposes it is said that the plaintiff must show a series of related acts, one or more of which falls within the [limitations] period." Id. (citations and internal quotation marks omitted). Accordingly, a plaintiff may avoid a limitations bar for a retaliatory act that fails to fall within the statutory period where there is a "persisting and continuing system of discriminatory practices in promotion or transfer [that] produces effects that may not manifest themselves as individually discriminatory except in cumulation over a period of time." Messer v. Meno, 130 F.3d 130, 135 (5th Cir. 1997) (citations omitted).

The principle behind this theory is that "equitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated." Glass v. Petro-Tex Chem. Corp., 757 F.2d 1554, 1560-61 (5th Cir. 1985). The question is "what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." Huckabay, 142 F.3d at 238 (citation and internal quotation marks omitted).

Here, the alleged forced retirement would be a discrete act as opposed to a continuing violation. See, e.g., Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162, 2169 (2007) (listing termination and refusal to hire as discrete acts). On the other hand, it is perhaps arguable that an investigation might be

considered a continuing violation–not a discrete act.  See Levy v. Pappas, 510 F.3d 755, 763 (7th Cir. 2007) (theorizing, in dicta, that it was possible that the investigation that had begun more than two years ago could be considered as an ongoing injury).  Even assuming arguendo that the act of threatening or initiating the investigation was not a discrete act but a "continuing violation," we are convinced that the threatened investigation on October 31, 2005 should have alerted an average lay person to protect his rights.  Glass, 757 F.2d at 1560-61.  Thus, even under the continuing violation theory, the district court properly concluded that the limitations period commenced on October 31, 2005, and therefore Vidal failed to timely exhaust his administrative remedies.[1]

### B.    Tolling the Limitations Period.

#### 1.    Mental Incapacity

Vidal contends that the district court erred in refusing to toll the limitations period from October 31, 2005, to December 22, 2005.  We recognize that there is some disagreement in this circuit with respect to whether the decision should be reviewed de novo or for abuse of discretion.  See Ramirez v. City of San Antonio, 312 F.3d 178, 183 n.5 (5th Cir. 2002).  Because we would not disturb the district court's ruling under either standard of review, the disagreement is of no moment in the instant case.

Vidal contends that he suffered from mental incapacity from the date of his forced retirement (October 31, 2005) until he recovered and called Garcia

---

[1] As the district court noted, there are two lines of cases with respect to whether the exhaustion requirement is (1) simply a prerequisite to filing suit and therefore subject to waiver and estoppel, or (2) a requirement that implicates subject matter jurisdiction.  See Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (gathering cases).  We will assume arguendo that the exhaustion requirement does not implicate subject matter jurisdiction because, as set forth infra, Vidal cannot demonstrate that the district court abused its discretion in refusing to equitably toll the limitations period.

(December 22, 2005). If this Court found that period tolled, his contact with the EEO counselor would be within the 45-day limit.[2]

Vidal argues that being forced into early retirement and threatened with an investigation caused his mental incapacity. He states that "he was unable to sleep, had tremors, and isolated himself in his residence fearing that if he left the safety of his home, he would be arrested, prosecuted or detained because of the misconduct charge leveled at him by the Chief [Border Patrol] agent and his deputies." He claims to have only left the house for infrequent trips to the grocery and that he refrained from contacting anyone from the Border Patrol. On November 14, 2005, Vidal, believing he had suffered a nervous breakdown, went to an appointment with his physician, Dr. Zamarron.

In support of his claim, Vidal submitted his affidavit detailing his mental incapacity during the relevant time frame. Vidal also submitted Dr. Zamarron's affidavit, which provided that Vidal presented with "symptoms of depression, anxiety and stress induced hypertension." Additionally, the doctor's opinion was that because of those ailments and the psychotropic medications Vidal "had no ability to make decisions related to or affecting his former employment."

The district court ruled that "there is no basis in the record for concluding that Plaintiff was truly incapacitated such that he was literally unable to timely contact an EEO counselor." The district court, after expressly recognizing Dr. Zamarron's opinion, stated that Vidal "was not so incapacitated as to be unable to schedule and keep his appointments with his treating physician. One would reasonably presume that if [Vidal] were thusly competent, he was competent

---

[2] The regulations contain a tolling provision, which, in pertinent part, provides that the agency "shall extend the 45-day time limit . . . when the individual shows . . . that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency." 29 C.F.R. § 1614.105(a)(2).

enough to call an EEO counselor from the comfort of his own home, in which he remained 'isolated.'"

In Hood v. Sears Roebuck, this Court assumed that mental incapacity could warrant tolling, but found equitable tolling inappropriate because the plaintiff did not submit evidence to support it. 168 F.3d 231 (5th Cir. 1999). Nonetheless, "[c]ourts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008). Assuming that mental incapacity could justify tolling, Vidal's evidence does not rise to the level of exceptional circumstances. Accordingly, the district court did not abuse its discretion in refusing to equitably toll the limitations.

2.      Failure to Give Notice of EEOC Requirements

Vidal also contends that the agency's failure to post the correct identity and contact information for the EEO counselor equitably tolled the 45-day limitations period. Vidal submitted a copy of an EEO poster from his station in Laredo that contained obsolete contact information and statements from other Border Patrol employees indicating that the contact information for the EEO counselor was incorrect.

This evidence indicates that DHS was in violation of the regulations requiring that such information be posted. However, "an employer's failure to post the requisite notice will equitably toll the . . . notification period, but only until the employee acquires general knowledge of his right not to be discriminated against." Clark v. Resistoflex Co., A Div. of Unidynamics Corp. 854 F.2d 762, 768 (5th Cir. 1988) (emphasis in opinion). Vidal does not dispute the district court's finding that the evidence included a certificate awarded to him after his completion of the EEO Complaint Process Training. Such evidence demonstrates his general knowledge of his rights. Further, Vidal is not arguing

that he did not have general knowledge of his rights; instead, he is arguing that DHS failed to provide the correct contact information for the EEO counselor. Thus, he fails to even allege that he did not have the requisite general knowledge.

Moreover, in his brief, Vidal admits that he did not begin "his efforts to identify the EEO counselor and institute the administrative prerequisites" until "after the passage of the forty-five day period." Thus, even assuming arguendo that the failure to post the correct contact information would warrant tolling, because Vidal did not attempt to contact the counselor until after the 45-day time period has expired, there was no period left to toll.[3]

The district court's judgment is affirmed.[4]

AFFIRMED.

---

[3] Vidal also claims that DHS should be equitably estopped from asserting the time limit as a bar because of its actions in inducing him to refrain from exercising his rights. "Under equitable estoppel, an employer is estopped from asserting the filing period if the employer misrepresented or concealed 'facts necessary to support a discrimination charge.'" Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878-79 (5th Cir. 1991), rev'd on other grounds, 39 F.3d 537 (5th Cir.1994) (quoting Pruet Prod. Co. v. Ayles, 784 F.2d 1275, 1280 (5th Cir. 1986)). Here, however, Vidal believed that he was being forced to retire in retaliation for his testimony. Vidal possessed sufficient facts to support a discrimination charge in October of 2005. Vidal's pleadings and complaints about DHS's behavior after his retirement do not constitute misrepresentations or concealment of facts necessary to support his discrimination charge. Thus, he is precluded from showing that DHS's conduct misrepresented or concealed such facts. DHS is not equitably estopped from asserting the limitations defense.

[4] We realize that we are affirming the district court's Rule 12(b)(1) dismissal after assuming arguendo that the exhaustion requirement does not implicate subject matter jurisdiction. However, the parties do not argue that the district court erred in granting the Rule 12(b)(1) motion without determining whether it had jurisdiction. Moreover, this Court has affirmed Rule 12(b)(1) dismissals without determining whether the exhaustion requirement implicates subject matter jurisdiction. E.g., Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006). Under these circumstances, we find it unnecessary to resolve the question of jurisdiction and, thus, affirm the Rule 12(b)(1) dismissal.