IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-60276

COREY DEWAYNE SMITH

Petitioner - Appellant

v.

LAWRENCE KELLY

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CV-498

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pursuant to a Certificate of Appealability (COA) granted by our court, Corey Dewayne Smith, pro se and in forma pauperis, appeals the denial of his federal habeas petition. He claims the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), should have been tolled because of his mental illness. Along that line, Smith appeals the denial of his discovery request for medical records establishing his claimed mental illness. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In October 2002, a Mississippi jury convicted Smith of murder and he was sentenced to life imprisonment. In March 2003, the Mississippi Court of Appeals affirmed his conviction, concluding the evidence supported the verdict. Smith did not seek further review on direct appeal, but did seek state post-conviction relief, which was denied in September 2004. He filed a second state post-conviction relief application, in March 2006, which was denied in April 2006.

In May 2006, Smith filed the habeas petition at issue, under 28 U.S.C. § 2254. The State moved to dismiss the petition as barred by AEDPA's one-year statute of limitations. Smith repeatedly requested extensions from the district court, initially complaining of his difficulty obtaining legal materials in his maximum security unit, but later contending he needed additional time to obtain medical records, which would establish his entitlement to equitable tolling because of mental illness. Together with his fourth request for additional time, Smith included a proposed "mandatory injunction" compelling prison officials to release his medical records. The district court granted the motion to dismiss the petition and denied the motion for additional time and for an injunction as moot.

The district court concluded, and Smith concedes on appeal, that, in order to satisfy the limitations period, his federal habeas petition had to be filed no later than 26 May 2005. (That period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending". 28 U.S.C. § 2244(d)(2).) "Under the mailbox rule, a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (internal quotation marks omitted). Applying this rule, the district court concluded Smith's petition was filed between 348 and 357 days late. Smith concedes this calculation is correct.

The district court also concluded Smith was not entitled to equitable tolling. The court first observed that Smith only raised the mental-health issue in response to the State's motion to dismiss. It also noted the exhibit Smith submitted discussing his mental health was dated after the one-year limitations period had begun. It ultimately denied equitable tolling because Smith had not diligently pursued his rights. The district court noted Smith filed for state post-conviction relief during this one-year period, notwithstanding his purported mental incapacitation. Because he was able to file a state-court petition during this period, the district court held Smith had not been diligent in pursuing federal relief, making him ineligible for equitable tolling. As such, the district court dismissed Smith's petition.

The district court denied Smith's request for a COA. We granted a COA to resolve whether the district court erred by denying both equitable tolling and Smith's discovery request for his medical records. (Although a COA was granted concerning the records, it was not necessary for Smith's being able to appeal that non-constitutional issue. That discovery issue is, instead, an evidentiary, collateral matter.)

II.

A.

AEDPA's one-year statute of limitations is not a jurisdictional limitation. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). "As such, in rare and exceptional circumstances, it can be equitably tolled." Id. at 811. We review a denial of equitable tolling for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman, 184 F.3d at 402 (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). In Fisher, our court

affirmed a decision not to invoke equitable tolling, but noted it was possible mental illness could equitably toll AEDPA's statute of limitations. Fisher, 174 F.3d at 715. Our court noted: "We must be cautious not to apply the statute of limitations too harshly". Id. at 713 (citing Lonchar v. Thomas, 517 U.S. 314, 324 (1996) ("Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." (emphasis in original)).

Fisher nevertheless held the district court had not abused its discretion by denying equitable tolling to a prisoner who spent "seventeen days . . . in a psychiatric ward" during which he was on medication, had "no access to legal materials", and did not have his glasses. Id. at 715. Thus, while mental illness may toll AEDPA's statute of limitations, it does not do so as a matter of right. Furthermore, petitioner bears the burden of proving "rare and exceptional circumstances" justifying such tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (internal quotation marks omitted). Even then, equitable tolling "will not be applied where the applicant failed to diligently pursue" relief. Id.; Accord Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001).

The district court did not abuse its discretion by concluding Smith did not meet this high bar. Although the district court discussed the fact that Smith's exhibit discussing his mental illness was dated after the beginning of the one-year period, this does not appear to be the basis for the court's decision. On the contrary, the district court determined Smith had not diligently pursued federal habeas relief, so was not entitled to equitable tolling irrespective of the contents of his medical records. "Yet, in any event, this Court is of the further opinion that Petitioner Smith has failed to show that he diligently pursued collateral challenges to his conviction to actually warrant the benefit of tolling." The court noted in support that Smith did file papers in state court during the limitations

period. "Although very articulate and obviously capable of filing particular pleadings, Smith did not file his federal habeas petition now before this court until May 18, 2006; this tardiness and delay cannot be characterized as diligent pursuit of § 2254 relief." Smith v. Kelly, No. 1:06-CV-498 (S.D. Miss. 8 Mar. 2007) at 6-7 (order granting motion to dismiss).

Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with "severe psychotic and/or schizophrenia [sic] tendencies", he nowhere explains how this prevented him from pursuing his legal rights. In his first reference to mental illness, made in his third motion for additional time in district court, he stated he "was recently classified as the highest level of mental health care who require the equivalent of inpatient mental health treatment". In his fourth and final motion, he expanded this slightly to say: "[I]f Petitioner can prove, via medical records, that during the relevant period, he was, because of his mental incompetency, unable to manage his affairs, understand his legal rights, or act upon them, this Court" would grant him equitable tolling.

Unlike the petitioner in Fisher, Smith does not allege he was forcibly confined or medicated, or deprived of access to legal materials, such that he "simply [could not] pursue his legal rights during such a period". 174 F.3d at 715. He merely asserts, without specifics: because of alleged mental illness, he could not pursue federal habeas relief within AEDPA's limitations period.

The district court also noted Smith first asserted mental illness only in response to the State's motion to dismiss the petition as time-barred. AEDPA's statute of limitations is, of course, an affirmative defense rather than a jurisdictional prerequisite. Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999). A habeas petitioner is entitled to notice of the statute of limitations and "a reasonable opportunity to argue against" it before a court finds his petition time-barred. Scott v. Johnson, 227 F.3d 260, 262-63 (5th Cir. 2000).

Smith's delay in raising his mental illness was nevertheless appropriately considered by the district court. In the form provided for prisoners to submit federal habeas petitions, petitioners are given the opportunity to explain any delay in filing, if their petition is untimely. Smith asserted his petition was not untimely because his petitions for state post-conviction relief had tolled the statute. In his initial motion for an extension of time to file a response to the State's motion to dismiss, Smith asserted merely that, because he was housed in a maximum security unit, his access to legal materials was limited and so required more time. In his second request, he again asserted legal materials were difficult to obtain because he was housed in a maximum security unit; and added that recent violence had contributed to shake-downs and "other stressful prison activities" that interfered with the progress of his brief. Smith asserted mental illness entitled him to equitable tolling only in his third motion, filed more than four months after his initial federal habeas petition.

In view of this delay, Smith's conclusory assertions regarding mental illness, and the apparent lack of diligence in pursuing federal habeas relief, we hold the district court did not abuse its discretion by declining to equitably toll AEDPA's one-year limitations period.

Although the Ninth Circuit came to an opposite conclusion in Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003), that case is factually distinguishable. In Laws, the Ninth Circuit held the district court abused its discretion by declining to equitably toll AEDPA's statute of limitations without first holding an evidentiary hearing regarding the petitioner's mental illness. Id. at 921.

The petitioner in Laws, however, made much more than mere conclusory allegations regarding his mental illness, and did not delay in asserting it. Laws' competency was raised even before his initial criminal trial. Id. Three psychiatrists and two psychologists gave competency testimony in the trial court.

Id. Even then, the trial court only found him competent "for the present at least". Id.

Unlike Smith, who filed state actions for post-conviction relief even during the limitations period, the petitioner in Laws filed nothing for four years. Id. When that petitioner finally sought state habeas relief, he alleged he had been "deprived of any kind of consciousness" during that gap. Id. (quoting petitioner's state pleading) (original alterations omitted). Additionally, the Ninth Circuit had already established that "mental incompetency . . . justifies equitable tolling". Calderon v. U. S. Dist. Court, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

B.

As stated, it was not an abuse of discretion for the district court to conclude Smith was ineligible for equitable tolling because he had not diligently pursued federal habeas relief and made only conclusory assertions regarding his purported incapacity. Therefore, additional discovery would have served no purpose. Accordingly, the district court did not abuse its discretion by denying Smith's discovery request.

III.

For the foregoing reasons, the judgment is AFFIRMED.