# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1176

_____

| | | |
|---|---|---|
| Jeremy D. McMillian, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Mississippi Lime Co., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 18, 2009
Filed: February 26, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeremy McMillian appeals the district court's[1] dismissal of his employment-discrimination action against Mississippi Lime Company (MLC). He argues that the district court erred in failing to hold a hearing on whether his alleged mental incapacity should have equitably tolled the limitations period for filing. We conclude the district court was not required to hold an evidentiary hearing, because McMillian's allegations did not establish a claim for equitable tolling. Cf. Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008) (when complainant alleges sufficient facts which, if

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

taken as true, establish claim of equitable tolling, court must give complainant opportunity to submit evidence on issue); see also Coons v. Mineta, 410 F.3d 1036, 1040 (8th Cir. 2005) (equitable tolling is reserved for circumstances truly beyond control of plaintiff); Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000) (question whether person is sufficiently mentally disabled to justify tolling of limitations period is highly case-specific; conclusory and vague claim, without particularized description of how condition adversely affected capacity to function generally or in relationship to pursuit of rights, is manifestly insufficient to justify any further inquiry into tolling).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____