# United States Court of Appeals for the Fifth Circuit

———————

No. 20-10918
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2023

Lyle W. Cayce
Clerk

Reshunn Chambers,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*; Leonard Burns, *SSA Claims Representative*; Janet Yellen, *Secretary, U.S. Department of Treasury*; Miguel Cardona, *Secretary, U.S. Department of Education*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1062

———————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Plaintiff-Appellant Reshunn Chambers, proceeding *pro se*, filed suit against multiple private entities and government officials including, as relevant to the instant appeal, the Social Security Commissioner, a Social Security claims representative, the Secretary of the Treasury, and the Secretary of Education (the "Federal Defendants"), asserting a number of claims

No. 20-10918

relating to the Social Security Administration's (SSA) allegedly improper withholding of his disability benefits.

I.

Mr. Chambers began receiving disability benefits in 2007, following injuries he sustained as a result of a work-related accident. In March 2015, Mr. Chambers received an SSA letter notifying him of his ineligibility for benefits beginning in January 2012, due to his engagement in substantial work. Mr. Chambers requested an administrative appeal of the decision—and the SSA later revised, finding on April 30, 2018, that Mr. Chambers' disability was continuing and thereby reinstating his benefits.

However, also in March 2015, the SSA sent Mr. Chambers another letter explaining that he had been overpaid benefits, which would require repayment. Although not entirely clear, the record evinces at least a few bases upon which the SSA expressed that it would withhold from Mr. Chambers' disability benefits,[1] including: communications in mid-2015 indicating that Mr. Chambers had been previously overpaid benefits[2]; an April 4, 2018 letter demanding payment of Mr. Chambers' Medicare premiums; a March 20, 2019 letter informing Mr. Chambers of an administrative offset for an outstanding student-loan debt that he owed to the Department of Education,[3]; a

---

[1] At times, Mr. Chambers' brief provides differing figures regarding the amounts that he claims were wrongly withheld (claiming first, for instance, that the SSA seized $34,000.00 on September 12, 2018, and then later claiming the amount seized on that date was $22,128.90).

[2] Some documents show that the amount of overpayment was $34,434.20. Another document shows an additional overpayment of $36,526.20 (apparently communicated in a May 10, 2017 letter, not itself in the record). Still other documents indicate that Mr. Chambers had been overpaid $22,128.90.

[3] Though Mr. Chambers was initially approved for a conditional discharge of this debt, he failed to provide required annual certifications of income and employment status, despite receiving several letters requesting such documentation—and warning that his

No. 20-10918

May 19, 2019 letter seeking repayment for a check advance in the amount of $1,495 that Mr. Chambers had requested and received from a local field office on January 19, 2019; and a May 23, 2019 letter explaining that Mr. Chambers' monthly payments were decreased due to the removal of substantial wages.

Although Mr. Chambers submitted various letters and forms to the SSA and other entities challenging these decisions, he also filed the instant lawsuit on May 2, 2019, seeking judicial review of the SSA's decisions to terminate his disability payments for several months, withhold prior benefits allegedly owed to him, offset overpaid benefits against his future payments, and reduce his monthly payment amounts due to a recalculation of past wages. The Federal Defendants filed a motion to dismiss, which the magistrate judge recommended granting under both Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim. The district court did so.[4]

## II.

Mr. Chambers appeals the district court's order granting the motion to dismiss his amended complaint for lack of subject matter jurisdiction and failure to state a claim, which we review *de novo*. *See Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008).

## A.

---

loans would be reinstated if he failed to act. As a result, his debt was reinstated on June 9, 2014. (The notice also indicated that the loan would be returned to conditional discharge status if the requested documentation were provided, but nothing in the record indicates that he either did so or appealed the decision.) This debt was later referred to the Department of Treasury for administrative offset against his future disability benefit payments (up to 15% would be withheld).

[4] As the district court accepted the magistrate judge's findings and conclusions as the findings and conclusions of the Court, the magistrate judge's Recommendation will be henceforth referred to as the opinion of the district court.

No. 20-10918

The burden of proving federal jurisdiction rests with the party asserting it. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). On appeal, Mr. Chambers argues the district court erred because jurisdiction exists under 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 405(g), and 28 U.S.C. § 1361 (mandamus). Each is unavailing.

Federal judicial review of claims arising under the Social Security Act is defined in 42 U.S.C. §§ 405(g) and (h). Section 405(h) "largely curtail[s]" jurisdiction: it explains that "no findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as [provided in §405(g)]." *Matter of Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019) (quoting 42 U.S.C. § 405(h)). It also specifies the limitation that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [28 U.S.C. § 1331 or § 1346] to recover on any claim arising under [Title II of the Social Security Act]." *Id.*

As we have explained, § 405(h) serves a "channeling" function, by "strip[ping] district courts of the most obvious sources of federal jurisdiction" and then "mak[ing] exclusive the judicial review method set forth in § 405(g)," "which, in turn, grants jurisdiction to district courts to review *final* agency decisions made after a hearing." *Id.* (citations omitted) (emphasis added).

On this basis, Mr. Chambers' first two claimed bases for jurisdiction fail. In accordance with the last sentence of § 405(h), no actions may be brought under § 1331; the plain language of the text brooks no exceptions. And even if we assume Mr. Chambers' claim is one that may be channeled to § 405(g),[5] that section calls for judicial review only after a "final decision of

_____

[5] Citing *Benjamin* and *Becker v. Berryhill*, 772 F. App'x 215 (5th Cir. 2019), the district court found that, since Mr. Chambers was not challenging an initial benefits determination, his claim was not the type of claim that § 405(h) channels into § 405(g), and

4

the Commissioner of Social Security." This necessitates administrative exhaustion, which generally requires claimants to first "proceed through a four-step process before they can obtain review from a federal court": (1) an initial determination regarding eligibility; (2) reconsideration of the initial determination; (3) request for a hearing, conducted by an administrative law judge ("ALJ"); and (4) review of the ALJ's decision by the Appeals Council. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019).

Mr. Chambers has not met his burden in demonstrating administrative exhaustion. By his own admission, he had "approximately 15 outstanding appeal(s) request[s]" before the SSA, and, even after filing suit, requested informal conferences to discuss his "reduction in monthly benefits" and the "wrongful and illegal calculations against [him]," and sought administrative reconsideration of repayment for his critical check.[6]

Mr. Chambers has also not demonstrated that waiver of the exhaustion requirement would be appropriate here. Mr. Chambers' claims are indeed "inextricably intertwined" with his substantive claim for benefits, and there is no indication that harm suffered pending exhaustion, if any, would be irreparable. *See Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 285-86 (5th Cir. 1999); *see also Mathews v. Eldridge*, 424 U.S. 319,

---

therefore he would need an independent source of jurisdiction. As the district court also noted, however, *Benjamin* seems to leave open the possibility for subject matter jurisdiction over challenges to termination or suspension of benefits when the claimant was either entitled to a hearing or was given the opportunity to appeal that decision. Because Mr. Chambers did not demonstrate his right to a hearing, however, we express no view on that issue here.

[6] In its jurisdictional analysis, the district court properly considered documents provided by the Federal Defendants that were central to Mr. Chambers' claims in response to the Federal Defendants' factual attack on jurisdiction, *see Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), though it refrained from considering the same material for its 12(b)(6) analysis "in an abundance of caution."

330-32 (1976). Nor is there an indication that exhaustion would be futile. Though Mr. Chambers complains that his appeals have fallen on deaf ears for at least four years, the record indicates otherwise. The termination of his disability benefits was reversed. And by letter of April 16, 2019, the SSA indicated that it was "currently processing [his] claim" and that once it "complete[d] the process [of working on his claim]," it would inform him of "any back pay or underpayments due."[7]

Mr. Chambers' final asserted basis for jurisdiction, mandamus under § 1361, also lacks merit. While this argument was not raised before the district court, Mr. Chambers has not met the threshold showing that he has a "clear right to relief" for which "no other adequate remedy exists"—in no small part because mandamus also requires administrative exhaustion. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).

## B.

While the lack of jurisdiction is a sufficient basis on which to affirm the district court, Mr. Chambers' broad challenges to "any of [the court's] holdings dismissing the federal government defendants" warrant but a brief note. We find no error in the district court's dismissal of the Treasury Secretary, given its purely ministerial role in administering the offset for Mr. Chambers' outstanding loan, or its dismissal of the Secretary of Education, given Mr. Chambers' similar failure to exhaust administrative remedies with

---

[7] The record also suggests that the SSA did schedule personal conferences with Mr. Chambers regarding its collection of overpayment amounts. These communications, along with various notice letters available in the record, debunk Mr. Chambers' arguments that he was not given prior notice, or that the SSA had been ignoring his appeal requests.

No. 20-10918

that department and failure to advance a colorable constitutional violation.[8] Nor do we find that the district court erred in deciding to dispense with Mr. Chambers' expansive, but unsupported, claims of "discriminatory practices, defamation, slander, libel, and reporting of adverse credit reporting, dereliction of duty, breach of fiduciary duty, fraud, misrepresentations and deceptive trade practices, tortious interference, breach of contract, and violations of the Act, the ADA, the Rehabilitation Act, the FDCPA, or the Privacy Act," given that he neither pled sufficient facts at the trial level nor adequately briefed these issues on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

### III.

The district court below correctly concluded that it did not have subject matter jurisdiction over Mr. Chambers' claims against the Social Security Administration representatives concerning his Social Security benefits, and that Mr. Chambers has failed to state a claim as to its remaining claims against the Federal Defendants. Accordingly, we AFFIRM.

---

[8] As Appellees have noted, further, Mr. Chambers makes no arguments about his claims against either the Secretary of the Treasury or the Secretary of Education, and therefore has abandoned his arguments on appeal.