# United States Court of Appeals for the Fifth Circuit

———————

No. 25-30112
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2025

Lyle W. Cayce
Clerk

T.P.,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2080

———————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

T.P. appeals the dismissal of her suit challenging the Social Security Commissioner's final decision denying disability-insurance benefits. The district court dismissed her complaint as untimely under 42 U.S.C. § 405(g) and held equitable tolling did not apply. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30112

We review the dismissal *de novo* and the denial of equitable tolling for abuse of discretion. *See Chambers v. Kijakazi*, 86 F.4th 1102, 1105 (5th Cir. 2023); *Jones v. Lumpkin*, 22 F.4th 486, 489 (5th Cir. 2022).

T.P. contends that she received notice of the Commissioner's final decision a month late and that equitable tolling should apply because of her mental and physical impairments. The Commissioner responds that even if we accept T.P.'s bare allegations about when she received notice as true, she still filed her suit late and that equitable tolling is inappropriate because her impairments do not rise to the exceptional level required.

We agree with the Commissioner. An individual may file suit to review a Commissioner's final decision "within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). We assume an individual received that notice five days after its dispatch unless shown otherwise. 20 C.F.R. § 422.210(c). T.P.'s notice was dated May 21, 2024. So we presume she received it May 26, 2024. *See* 20 C.F.R. § 422.210(c). But T.P. claims she didn't receive it until June 17, 2024. She filed her suit on August 23, 2024.

Under either timeline, T.P. filed late. If we apply the five-day presumption of notice, she filed twenty-nine days late. If we accept her account, she filed seven days late.[1] The district court thus "correctly dismissed" her untimely suit. *Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987).

Nor did the district court abuse its discretion by denying equitable tolling. Equitable tolling is available if the plaintiff diligently pursues her rights but the defendant "actively misleads" her or some other

---

[1] The Commissioner offers a more deferential timeline, omitting a federal holiday and a Sunday in the notice calculation. Even so, T.P. still filed late.

No. 25-30112

"'extraordinary circumstance stood in [her] way and prevented timely filing.'" *Lumpkin*, 22 F.4th at 490 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mental incapacity meets this bar only in "exceptional circumstances," such as institutionalization or being adjudged mentally incompetent, and when supported with evidence. *Vidal v. Chertoff*, 293 F. App'x 325, 329 (5th Cir. 2008) (citing *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008)); *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 233 (5th Cir. 1999).

T.P. neither sufficiently explains nor supports how her alleged impairments prevented her from timely filing. *See Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (holding that "purely conclusory allegations" won't suffice). And none of her alleged impairments rise to the required exceptional level. *Vidal*, 293 F. App'x at 329. The district court did not abuse its discretion when it denied equitable tolling.

Accordingly, the district court's judgment is AFFIRMED.