# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2593

_____

Marvin Allan DeVries

*Plaintiff - Appellant*

v.

David Driesen; Patrick J. Hoye; Steven L. Ponsetto; State of Iowa

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 17, 2014
Filed: September 10, 2014 **(CORRECTED 9/10/2014)**

_____

Before LOKEN and MURPHY, Circuit Judges, and PERRY,[*] District Judge.

_____

PERRY, District Judge.

---

[*]The Honorable Catherine D. Perry, Chief Judge, United States District Court
for the Eastern District of Missouri, sitting by designation.

Marvin DeVries brought this § 1983 suit two years and four months after the claim arose. The district court[1] dismissed the case as barred by Iowa's two-year statute of limitations governing personal injury claims. DeVries appealed, arguing that his time for filing suit was tolled during the pendency of an administrative claim he had filed under the Iowa Tort Claims Act. Section 1983 claims are governed by the state's statute of limitations for personal injury claims and may be subject to any tolling rules that Iowa courts have applied to that statute. The tolling provision DeVries relies on, however, comes from the Tort Claims Act, not from the personal injury statute, and so it has no application here. We affirm the district court's dismissal of the action as time barred.

## I.

DeVries brought this suit against two Iowa State Patrol officers and other state officials after an incident related to a traffic stop. His suit included a number of state tort claims in addition to a claim under 42 U.S.C. § 1983. The incident occurred on September 29, 2010, but DeVries did not file his Complaint in the district court until February 14, 2013. Devries also pursued an unsuccessful administrative claim under the Iowa Tort Claims Act (ITCA) before filing his federal complaint.[2] The district court rejected DeVries' argument that a tolling provision contained in the ITCA applied to this case, and held that the §1983 claim must be dismissed because it was brought after the expiration of the Iowa two-year limitations period that applies to personal injury claims. Because it was dismissing the only federal claim, the district court declined to exercise supplemental jurisdiction over the related state claims.

---

[1] The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa.

[2] In his brief, DeVries alleges that the administrative claim was filed on September 25, 2012, and denied on November 5, 2012. There is nothing in the record to corroborate either those dates or the substance of the claim.

## II.

We review the district court's grant of a motion to dismiss de novo. *Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003). The facts alleged in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

## III.

In *Wilson v. Garcia*, the Supreme Court held that the state statute of limitations for personal injury torts was the appropriate period of limitations for all § 1983 cases. 471 U.S. 261, 276 (1985), *superseded by statute on other grounds by* 28 U.S.C. § 1658(a) *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004). By establishing this uniform rule, the Supreme Court ended the requirement that courts apply the most analogous state statute of limitations based on the facts underlying the specific § 1983 claim. *See id.* at 273. Justice O'Connor, in dissent, argued that this "blunt instrument" approach could create incongruous limitation periods wherein a state court claim might remain viable far beyond the analogous § 1983 claim. *Id.* at 286 (O'Connor, J., dissenting).

DeVries does not dispute that the state personal injury statute of limitations applies, but he argues that the tolling provisions of the ITCA should be applied to that limitations period, because his § 1983 action is a "claim" within the meaning of the ITCA.

Iowa's personal injury limitations period provides: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: . . . Those founded on injuries

to the person or reputation, whether based on contract or tort, or for a statutory penalty, within two years." Iowa Code §§ 614.1; 614.1(2) (2013). Like most states, Iowa law provides tolling for certain reasons, such as claims by a minor or disabled person, *see* § 614.8, or death of a defendant, *see* § 614.2. These general tolling periods, however, make no mention of administrative claims.

The ITCA is a separate statutory scheme providing a limited waiver of sovereign immunity. *See generally* Iowa Code Ch. 669. It allows an injured party to bring certain claims against the State of Iowa or its employees who were acting within the scope of employment. The ITCA has its own statute of limitations separate from the period applicable to general personal injury torts. *See* § 669.13(3) ("This section is the only statute of limitations applicable to claims as defined in [the ITCA]."). The ITCA requires a tort claimant to file an administrative claim before filing suit, and it extends the time to sue to accommodate those administrative procedures.[3]

DeVries argues that the tolling provisions of the ITCA should be read into the personal injury limitations period because his § 1983 action is a "claim" within the meaning of the ITCA. But that would be true in many § 1983 cases, because many such cases involve claims that could be brought as tort claims against the state under similar laws. *Cf. Wilson*, 471 U.S. at 272–273 ("Almost every § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action . . . ."). *Wilson* itself was a civil rights case not unlike this one – the plaintiff alleged

---

[3][A] claim or suit otherwise permitted under this chapter shall be forever barred, unless within two years after the claim accrued, the claim is made in writing and filed with the director of the department of management under this chapter. The time to begin a suit under this chapter shall be extended for a period of six months from the date of mailing of notice to the claimant by the attorney general as to the final disposition of the claim or from the date of withdrawal of the claim under section 669.5, if the time to begin suit would otherwise expire before the end of the period. § 669.13(1).

excessive force during an arrest. The Court noted that Mr. Wilson's claim could have been analogized to a claim under the "special New Mexico statute authorizing recovery against the State for the torts of its agents." *Id.* at 273. In determining that only the personal injury limitations period would apply, *Wilson* also recognized that limitations periods would be affected by tolling provisions: "In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application." *Id.* at 269 n.17 (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975)). Yet nothing in *Wilson* suggests that a court should look to the tolling provisions in the state's tort claims act when applying the personal injury statute of limitations period.

*Wilson* controls the outcome of this case. It does not matter whether a § 1983 suit could qualify as a claim under the ITCA; § 1983 creates a "uniquely federal remedy," *Mitchum v. Foster*, 407 U.S. 225, 239 (1972), and one "supplementary to any remedy any state might have." *McNeese v. Bd. of Ed.*, 373 U.S. 668, 672 (1963). Iowa law sets the limitations period at two years, and the district court correctly determined that DeVries filed his complaint outside that window. DeVries concedes that the state of Iowa could not force him to exhaust administrative remedies before bringing his § 1983 claim and that his doing so was voluntary as to that claim. Thus, DeVries could have filed his federal claim while his state administrative proceedings were pending. *See Lown v. Brimeyer*, 956 F.2d 780, 781 (8th Cir. 1992). To his detriment, DeVries chose to pursue the state administrative remedies and deferred filing his § 1983 claim until after the statute of limitations had run.

**IV.**

For the above reasons, the judgment of the district court is affirmed.

_____

-5-