Jessica TURNER, Plaintiff,

v.

Charles M. PALMER; Richard Shults; Deborah Hanus; Ilona Avery; Dr. Joan Gerbo; Revae Gabriel; and Deb Wilkens, Defendants.

No. 1:14–cv–00024–JEG.

United States District Court, S.D. Iowa, Western Division.

Signed Feb. 4, 2015.

Gretchen Witte Kraemer, Attorney General of Iowa, Des Moines, IA, for Defendants.

John Mandel Sandy, Sandy Law Firm, P.C., Spirit Lake, IA, Matthew Sease, Kemp & Sease, Des Moines, IA, for Plaintiff.

## ORDER

JAMES E. GRITZNER, Chief Judge.

This matter comes before the Court on Motion to Dismiss for Failure to State a Claim by Defendants Charles Palmer, Richard Shults, Deborah Hanus, Ilona Avery, Dr. Joan Gerbo, Revae Gabriel, and Deb Wilkens. Plaintiff Jessica Turner resists. A hearing on the Motion was held on January 15, 2015. Plaintiff was represented by attorney Matthew Sease. Defendants were represented by Assistant Iowa Attorney General Gretchen Kraemer. The matter is fully submitted and ready for disposition.

## I. FACTUAL BACKGROUND

Plaintiff Jessica Turner filed this action against Defendants under 42 U.S.C. § 1983 for alleged Fifth, Eighth, and Fourteenth Amendment violations arising from her confinement at the Iowa Juvenile Home. For purposes of this Order, the following factual allegations are taken from the Amended Complaint, ECF No. 11, and are assumed to be true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The Amended Complaint alleges that Plaintiff is a citizen of Iowa and a resident of Pottawattamie County. Plaintiff was born on August 30, 1994. On March 16, 2011, Plaintiff, at age 16, was found to be a juvenile delinquent and a Child in Need of Assistance. Plaintiff was ordered to be placed at the Iowa Juvenile Home, located in Toledo, Iowa. Upon placement, Plaintiff was diagnosed with Oppositional Defiant Disorder with possible Conduct Disorder, Mood Disorder, possible Attention Deficit Hyperactivity Disorder, and Mild Mental Retardation. Prior to her placement at the Iowa Juvenile Home, Plaintiff had multiple other placements, including several psychiatric hospitalizations.

Plaintiff's cause of action stems from her placement in small cement isolation cells, labeled Quiet Rooms, Safety Rooms, Comfort Rooms, and the Special Unit. Plaintiff alleges she spent numerous consecutive weeks locked in isolation cells, spending 289 out of the 528 days she was at the facility in isolation. Plaintiff complains that she was only given one thin mat to sleep on; she was locked in the cell and only permitted to exit to use the restroom; and during many of these stays, she was not allowed any homework, classroom instruction, reading material, or outside communication. Plaintiff alleges that she would repeatedly cry and inform the staff that she was in pain and wanted out. Plaintiff would violently bang her head against the cement walls of the cells in attempts to garner the staff's attention. Plaintiff was released from the Iowa Juvenile Home on August 24, 2012—six days before her eighteenth birthday.

The Iowa Juvenile Home is a state institution governed and controlled by the Iowa Department of Human Services (DHS) pursuant to Iowa Code § 218.1.[1] The DHS is responsible for the control, management, direction, and operation of the Iowa Juvenile Home. Defendant Charles Palmer was at all relevant times the appointed Director of the DHS. Defendant Richard Shults was at all relevant times employed as the Mental Health and Disability Services Division Administrator by the DHS. Defendant Deborah Hanus was at all relevant times employed by the DHS as the Superintendent of the Iowa Juvenile Home. Defendant Ilona Avery was at all relevant times employed by the DHS as the Clinical Director of the Iowa Juvenile Home. Defendant Dr. Joan Gerbo was at all relevant times employed by the DHS as the Director of Education at the Iowa Juvenile Home. Defendant Revae Gabriel was at all relevant times employed by the DHS as the Youth Counselor Supervisor at the Iowa Juvenile Home. Defendant Deb Wilkins was at all relevant times employed by the DHS as the Youth Counselor at the Iowa Juvenile Home. Plaintiff alleges each of the individually named Defendants had a supervisory role at the Iowa Juvenile Home and oversaw the use of the isolation cells in which Plaintiff was confined.

1. Iowa Code § 218.1 provides,

    The director of human services shall have the general and full authority given under statute to control, manage, direct, and operate the following institutions under the director's jurisdiction, and may at the director's discretion assign the powers and authorities given the director by statute to any one of the deputy directors, division administrators, or officers or employees of the divisions of the department of human services:

    . . .

    8. Iowa Juvenile Home.

2. Defendants' motion also requests the Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of

## II. DISCUSSION

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Defendants argue they are entitled to qualified immunity and the claim falls outside of the statute of limitations.[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept[ ] as true all factual allegations in the complaint and draw[ ] all reasonable inferences in favor of the nonmoving party." *Simes v. Ark. Judicial Discipline & Disability Comm'n*, 734 F.3d 830, 834 (8th Cir.2013) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir.2012) (per curium)).

### A. Qualified Immunity

"Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his

subject-matter jurisdiction. Defendants, however, provide no arguments in their briefs to support dismissing the complaint for lack of jurisdiction, and any basis to dismiss the state tort claims was resolved by the Court's December 1, 2014, Order remanding the state law claims. ECF No. 15. Therefore the Court will consider this motion only under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3. The Amended Petition and the Court's previous order remanding Plaintiff's state law tort claims resolve Defendants' affirmative defenses of sovereign immunity, personal responsibility, and absolute immunity for money damages. Accordingly, those arguments are moot and will not be discussed.

individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Ark. Dep't of Health,* 735 F.3d 1009, 1013 (8th Cir.2013) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "To prevail at this stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint." *Bradford v. Huckabee,* 394 F.3d 1012, 1015 (8th Cir.2005).

Plaintiff's constitutional claims arise under the Fifth, Eighth, and Fourteenth Amendments for Defendants' alleged continuous and systematic use of isolation cells at the Iowa Juvenile Home. In support of her claim, Plaintiff primarily relies on *R.G. v. Koller,* 415 F.Supp.2d 1129 (D.Haw.2006). In *Koller,* three juveniles detained at a state-run juvenile correction facility brought claims under § 1983 for violations of their constitutional rights after being placed in isolation cells for extended periods of time. *Id.* at 1133. The state officials used isolation cells to separate plaintiffs from harassment by other juveniles in the facility because plaintiffs were identified as or perceived to be gay. *Id.* After examining expert opinions on the effect of isolation cells on juveniles, the court held that the defendants' conduct was not within the range of acceptable professional practices and constituted punishment in violation of the plaintiffs' due process rights. *Id.* at 1154–55. The court stated, "[t]he expert evidence before the court uniformly indicates that long-term segregation or isolation of youth is inherently punitive and is well outside the range of accepted professional practices." *Id.* at 1155. The court went on to cite a number of other courts that also found the use of isolation cells on juveniles to be in violation of due process. *Id.* (citing *H.C. by Hewett v. Jarrard,* 786 F.2d 1080, 1088 (11th Cir. 1986); *Santana v. Collazo,* 714 F.2d 1172

(1st Cir.1983); *Milonas v. Williams,* 691 F.2d 931, 942–43 (10th Cir.1982); *D.B. v. Tewksbury,* 545 F.Supp. 896, 905 (D.Or. 1982); *Feliciano v. Barcelo,* 497 F.Supp. 14, 35 (D.P.R.1979); *Lollis v. N.Y. State Dep't of Soc. Servs.,* 322 F.Supp. 473, 480 (S.D.N.Y.1970)).

In addition to *Koller,* other district courts have found placing juveniles in isolation cells violates due process and the Eighth Amendment. *See Nelson v. Heyne,* 355 F.Supp. 451, 456 (N.D.Ind. 1972) (holding extended periods of solitary confinement of juveniles at the Indiana Boys School was cruel and unusual punishment and a violation of procedural due process); *Inmates of Boys' Training Sch. v. Affleck,* 346 F.Supp. 1354, 1372 (D.R.I. 1972) (finding the isolation of juveniles in cold, dark isolation cells containing only a toilet and a mattress constituted cruel and unusual punishment and violated the Due Process Clause).

Defendants argue that under the Due Process Clause, a regulation or policy may infringe on a juvenile's constitutional right as long as it is reasonably related to a legitimate institutional interest, citing *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In *Bell,* the Supreme Court noted that placing an inmate in an isolation cell violates the inmate's due process rights when it is done with either an express intent to punish or without a legitimate purpose. 441 U.S. at 538–39, 99 S.Ct. 1861. Defendants argue Plaintiff was placed in isolation for the legitimate purpose of containing Plaintiff's violent behavior. The complaint, however, alleges Plaintiff banged her head on the cement walls *after* being placed in isolation in an attempt to receive attention from the staff. Whether the alleged actions herein were "reasonably related to a legitimate institutional interest," or were for the "legitimate purpose" of containing Plaintiff's

violent behavior, requires a factual inquiry that cannot be accomplished at this stage of the proceedings, so long as Plaintiff has alleged facts that generate a plausible claim. Taking the complaint in its entirety, Defendants' current legal arguments do not render implausible the allegations in the complaint. Additionally, *Bell* noted that even if a legitimate purpose for isolating a detainee is provided, a due process violation may still occur if the conditions imposed are excessive in relation to the non-punitive purpose, *id.* at 538, 99 S.Ct. 1861, a further factual inquiry. *Bell* is also distinguishable from the current suit because it concerned adult pretrial detainees, not juveniles. *Id.* at 523, 99 S.Ct. 1861. Traditionally, juvenile detainees are afforded greater constitutional protection. *See, e.g., A.J. by L.B. v. Kierst,* 56 F.3d 849, 854 (8th Cir.1995) (noting that as a general matter, juvenile detainees are afforded more liberal due process protections than those applied to adult detainees).

The Amended Petition alleges Plaintiff spent numerous consecutive weeks locked in small cement isolation cells with only a thin mat to sleep on and was only allowed to leave to use the restroom. Plaintiff alleges she was not "allowed any homework, classroom instruction, reading material, or outside communication." Am. Compl. ¶ 27. It is alleged that Plaintiff would cry and repeatedly inform the staff that she was in pain. The Court finds Plaintiff's allegations are sufficient to state plausible violations of the Fifth, Eighth, and Fourteenth Amendments of which a reasonable person would have known. *See Koller,* 415 F.Supp.2d 1129. Accordingly, Defendants have not shown that they are entitled to qualified immunity on the face of the complaint.

## B. Statute of Limitations

"Section 1983 claims are governed by the state's statute of limitations for personal injury claims and may be subject to any tolling rules that Iowa courts have applied to that statute." *DeVries v. Driesen,* 766 F.3d 922 (8th Cir. 2014). Iowa's applicable statute of limitations for personal injury claims is two years. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Iowa Code § 614.1(2). Plaintiff alleges the conduct occurred between March 16, 2011, and August 24, 2012. Plaintiff originally filed suit on August 20, 2014. Accordingly, four days of Plaintiff's time at the Iowa Juvenile Home fall within the applicable statute of limitations.

Plaintiff seeks to extend the statute of limitations by six months through the application of Iowa Code § 669.18, which provides that

> If a claim is made or a suit is begun under [the Iowa Tort Claims Act], and if a determination is made by the attorney general or by the court that the claim or suit is not permitted under this chapter for any reason other than lapse of time, the time to make a claim or to begin a suit under any other applicable law of this state shall be extended for a period of six months from the date of the court order making such determination or the date of mailing of notice to the claimant of such determination by the attorney general, if the time to make the claim or begin the suit under such other law would otherwise expire before the end of such period.

The Eighth Circuit case of *DeVries* is instructive on this point. 766 F.3d at 922. In *DeVries,* the plaintiff brought a § 1983 suit against two state patrol officers after an incident related to a traffic stop. *Id.* The plaintiff brought suit two years and four months after the incident occurred and relied upon a tolling provision of the Iowa Tort Claims Act to extend the two-year statute of limitations by six months. *Id.* The Eighth Circuit held that the tolling

provisions of the Iowa Tort Claims Act do not apply to § 1983 claims. *Id.* The court noted that § 1983 claims apply the state's personal injury statute of limitations, and tolling provisions in a state's tort claims act do not extend the limitations period. *Id.* at 924. The court stated, "[i]t does not matter whether a § 1983 suit could qualify as a claim under the [Iowa Tort Claims Act]; § 1983 creates a uniquely federal remedy, and one supplementary to any remedy any state might have." *Id.* (internal citations and quotations omitted). Iowa Code § 669.18 is a tolling provision of the Iowa Tort Claims Act, and therefore, under the holding of *DeVries*, does not apply to Plaintiff's § 1983 claims. *Id.*

■ Plaintiff alleges in the Amended Complaint that she intends to invoke the discovery rule and Iowa Code § 614.8 to toll the statute of limitations because of her lack of full mental capacity.[4] The discovery rule tolls the statute of limitations until a plaintiff knows, or reasonably should have known of a cause of action. *Estate of Pepper ex rel. Deeble v. Whitehead*, 686 F.3d 658, 666 (8th Cir.2012); *see also Callahan v. State*, 464 N.W.2d 268 (Iowa 1990) (holding the discovery rule was applicable to a § 1983 claim). Whether a plaintiff knows or reasonably should have known of a cause of action depends on the specific facts of each case. *Estate of Pepper*, 686 F.3d at 666. The Amended Complaint pleads factual statements indicating that Plaintiff has been diagnosed with multiple mental illnesses, including Oppositional Defiant Disorder with possible Conduct Disorder, Mood Disorder, possible Attention Deficit Hyperactivity Disorder, and Mild Mental Retardation. Plaintiff explains in her resistance brief that she has been subject to two mental health commitments in Shelby County and Pottawattamie County, one of which is still pending. Because the application of the discovery rule and Iowa Code § 614.8 requires an in-depth factual inquiry, and the face of the complaint indicates that Plaintiff has suffered from mental disabilities, the Court will not make a determination at this juncture on the application of the discovery rule or Iowa Code § 614.8. *See Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir.2008) ("[W]hen a complainant alleges sufficient facts which, if taken as true, establish a claim of equitable tolling, a court must give the complainant the opportunity to submit evidence on the issue."); *Dautremont v. Broadlawns Hosp.*, 827 F.2d 291, 296 (8th Cir.1987) (recognizing Iowa Code § 614.8 requires a factual inquiry into whether a person is mentally ill).

■ At the hearing, the Court, sua sponte, questioned the parties regarding the possible application of the continuing violation doctrine, and the parties filed supplemental briefs discussing the doctrine's possible application. The continuing violations doctrine is typically applied to hostile work environment and antitrust claims; however, it has been applied to

---

4. Iowa Code § 614.8 provides as follows:

The times limited for actions in this chapter, or chapter 216, 669, or 670, except those brought for penalties and forfeitures, are extended in favor of persons with mental illness, so that they shall have one year from and after the termination of the disability within which to file a complaint pursuant to chapter 216, to make a claim pursuant to chapter 669, or to otherwise commence an action.

Unlike the tolling provision found in the Iowa Tort Claims Act, § 614.8 is located in Iowa's general limitations provision. As such, § 614.8 may apply to § 1983 claims. *See DeVries*, 766 F.3d at 922 ("Section 1983 claims are governed by the state's statute of limitations for personal injury claims and may be subject to any tolling rules that Iowa courts have applied to that statute.... Like most states, Iowa law provides tolling for certain reasons, such as claims by a minor or disabled person, *see* § 614.8,....").

§ 1983 claims for Eighth Amendment violations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 415–16 (8th Cir.2011) (recognizing that the continuing violations doctrine may apply in the context of Eighth Amendment claims for cruel and unusual punishment, citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir.2001)); *see also Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir.2013) (applying the continuing violations doctrine to a § 1983 Eighth Amendment claim alleging prison officials repeatedly and regularly imposed improper lockdowns). Plaintiff alleges "systemic and excessive use of isolation cells at [the Iowa Juvenile Home]" and that she "spent numerous consecutive weeks in cemented small isolation cells." Am. Compl. ¶¶ 9–15, 22. The Court acknowledges, without making a determination, that Plaintiff's complaint, viewed in the light most favorable to Plaintiff, alleges an ongoing deprivation of her constitutional rights that is sufficient to warrant a factual inquiry into the application of the continuing violations doctrine.

Accordingly, the Court finds that at least four days of Plaintiff's claim fall within the statute of limitations, and the Court must deny Defendant's motion to dismiss the complaint on statute of limitations grounds.[5] At this juncture, the Court cannot determine whether the statute of limitations is tolled under the discovery rule or Iowa Code § 614.8, or whether the continuing violations doctrine applies. *See Coons v. Mineta*, 410 F.3d 1036, 1041 (8th Cir.2005) (finding allegations alone relating to the tolling of the statute of limitations may be sufficient to withstand a motion to dismiss).

---

**5.** In Plaintiff's supplemental brief she requests leave to amend her complaint to plead that she spent time in isolation between August 20, 2012, and August 24, 2012. Pl.'s Supp. Br. 3–4, ECF No. 23. The Court does not deny leave to amend at this point without

## III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 2, must be **DENIED**.

**IT IS SO ORDERED.**

a full understanding of the details of such an amendment, but does find such amendment appears unnecessary because the Amended Complaint, as it stands, alleges that Plaintiff's constitutional rights were deprived between March 16, 2011, and August 24, 2012.