# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1342
_____

Larry Botts

*Plaintiff - Appellant*

v.

Shelly Marie West, Individually and in her Official Capacity as a Correctional Officer for the North Central Correctional Facility; Kris Weitzell, Individually and in her Official Capacity as Warden of the North Central Correctional Facility; Robert Johnson, Individually and in his Official Capacity as a Warden of the North Central Correctional Facility; Beth Skinner, Individually and in her capacity as Director of the Iowa Department of Corrections; John Lamb, Individually and in his Official Capacity as a Warden of the North Central Correctional Facility

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: March 16, 2023
Filed: June 6, 2023
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Larry Botts filed the present action against several corrections officers and officials alleging he was unconstitutionally subjected to sexual misconduct and sexual harassment while incarcerated. See 42 U.S.C. § 1983. The district court[1] dismissed his action as untimely. Reviewing this matter de novo, we affirm. DeVries v. Driesen, 766 F.3d 922, 923 (8th Cir. 2014).

Mr. Botts was released from incarceration in March 2017. He agrees his federal claim accrued no later than his release and the statute of limitations applicable to his claim is two years. As such, barring a tolling of the statute of limitations, his federal complaint as filed on July 28, 2021, was untimely.

Mr. Botts asserts tolling applies because he filed a complaint with the Iowa State Appeal Board on August 18, 2018, to obtain a right-to-sue letter pursuant to the Iowa Tort Claims Act. See Iowa Code § 669.13. He received a letter from that Board on March 1, 2021, indicating he had an additional six months to file suit. He filed his present federal complaint within that time period. Mr. Botts characterizes the process with the Iowa State Appeal Board pursuant to the Iowa Tort Claims Act as the final step in his exhaustion of administrative remedies as required by the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

This matter is directly controlled by DeVries, 766 F.3d at 924. There we held Iowa's two-year statute of limitations for personal injury torts applies to § 1983 cases. Id. We also held a right-to-sue letter from the Iowa State Appeal Board was not required, and no related tolling applied, because "§ 1983 creates a 'uniquely federal

---

[1]The Honorable Kelly K.E. Mahoney, Chief Magistrate Judge for the United States District Court for the Northern District of Iowa, presiding by the consent of the parties pursuant to 28 U.S.C. § 636(c).

remedy'" rather than a mere state tort remedy subject to Iowa's conditional waiver of sovereign immunity as found in the Iowa Tort Claims Act.  Id. Because Mr. Botts's case is indistinguishable from DeVries, we affirm the judgment of the district court.

_____